```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

AMBER ADKINS AND
JAMES ADKINS,

       Plaintiffs,

v.                                    Civil Action No. 2:23-cv-00745

ZACHARY RATLIFF,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Zachary Ratliff's Motion to Strike Plaintiffs' Expert Witnesses, filed on June 3, 2024, alleging plaintiffs' failure to comply with the requirements of Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.  ECF 26.

Per the court's scheduling order entered January 8, 2024, the deadline for plaintiffs' initial expert disclosure was set for May 9, 2024.  ECF 8.  Discovery is to close on July 8, 2024.  Id.  On May 9, 2024, plaintiffs made their timely initial expert disclosures and identified Vellaiappan Somasundaram, M.D., and Tiffiney Bentley, MSPT, as individuals who may be called to testify as expert witnesses.  ECF 25; ECF 26-1.  Dr. Somasundaram and Ms. Bentley are identified in the disclosure as

a treating physician and treating physical therapist, respectively.  See ECF 26-1.  The disclosure does not specify to which of the two plaintiffs the expected testimony might relate, but it identifies Dr. Somasundaram and Ms. Bentley by name and address and indicates, as the full description of the expected testimony of each witness, that each will be expected to "offer opinions regarding the Plaintiff's treatment, injuries, diagnosis and prognosis."  Id.

In his pending motion, defendant argues that plaintiffs' expert witness disclosure "failed to meet the requirements of Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure in that it fails to provide the information required by the Rule."  ECF 27 at 2-5.  He contends that the initial reports are impermissibly vague and ambiguous and "deprive [defendant] of an ability to meaningfully challenge the opinions of the expert witnesses in accordance with Daubert."  Id. at 5-9 (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993)).  Accordingly, the defendant asks the court for an order excluding plaintiffs' disclosed experts.  Id. at 10.

Plaintiffs respond through a Response to Defendant's Motion to Strike Plaintiffs' Expert Witnesses, filed June 21, 2024, that their expert witness disclosure meets the requirements of Rule 26(a)(2)(C), ECF 28 ¶ 7, because (1) the

2

disclosed expert witnesses are not specially retained or employed by the plaintiffs as experts, id. at ¶ 1; (2) Dr. Somasundaram is the treating physician who treated both plaintiffs for injuries they sustained in the motor vehicle collision underlying the litigation, id. at ¶ 2; (3) Ms. Bentley is the treating physical therapist who treated both plaintiffs for injuries they sustained in the motor vehicle collision, id. at ¶ 3; (4) the plaintiffs provided the defendant with all individual medical records for both plaintiffs from Dr. Somasundaram and Ms. Bentley and have provided the defendant with authorizations to obtain medical records for both plaintiffs, id. at ¶ 6; and (5) the defendant never requested that the plaintiffs supplement their disclosure prior to filing their motion to strike. Id. at ¶ 8.

In a Reply Memorandum of Law in Support of Motion to Exclude Plaintiffs' Expert Witnesses, filed on June 24, 2024, defendant reiterates the arguments made in the original motion. ECF 29.

The proponent, here the plaintiffs, bears the burden of establishing the admissibility of proposed expert testimony. See Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). Under Rule 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial." Fed.

R. Civ. P. 26(a)(2)(A).  Rule 26(a)(2)(B) applies to witnesses who must provide a written report to accompany the expert witness disclosure.  See Fed. R. Civ. P. Rule 26(a)(2)(B).  On the other hand, Rule 26(a)(2)(C) applies to witnesses who do not provide a written report but requires the disclosure to include the subject matter on which the witness is expected to present evidence under the Federal Rules of Evidence, Fed. R. Civ. P. 26(a)(2)(C)(i), and a summary of the facts and opinions to which the witness is expected to testify, Fed. R. Civ. P. Rule 26(a)(2)(C)(ii).  A party's failure to disclose or failure to supplement expert reports "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005).

      Regarding testimony to be obtained by treating physicians, Local Rule 26.1 provides that the disclosures required under Rule 26(a)(2)(B) "shall not be required of physicians and other medical providers who examined or treated a party . . . unless the examination was for the sole purpose of providing expert testimony in the case."  The advisory committee's note to the 2010 amendment to Rule 26(a) also directs that Rule 26(a)(2)(B) disclosures are generally not

4

required for treating physicians and practitioners. <u>See</u> Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Instead, Rule 26(a)(2)(C) disclosures frequently apply to "physicians and other health care providers," and requirements under this rule are "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." <u>Id.</u>

Plaintiffs identified Dr. Somasundaram as a treating physician and Ms. Bentley as a treating physical therapist and described the general nature of their expected testimony, so Rule 26(a)(2)(C) applies to the disclosure. The court finds plaintiffs' expert disclosure to be deficient under Rule 26(a)(2)(C)(ii) because plaintiffs failed to include in the disclosure, separately as to each of those two witnesses, "a summary of the facts and opinions to which the witness is expected to testify." The court agrees with the defendant that the summaries provided in the disclosure are vague and ambiguous, and the deficiencies render defendant "unable to challenge any of the proffered opinions" of the witnesses. ECF 27 at 9. Indeed, the plaintiffs fail to provide any opinions

5

for the defendant to challenge. Similarly, the disclosure is deficient under the Local Rule 26.1 because, though the rule is less stringent regarding treating practitioners, it nevertheless leaves untouched the requirements of Rule 26(a)(2)(C). Additionally, the disclosure fails to indicate about which plaintiff the proposed witnesses would testify. The plaintiffs' response brief emphasizing that the experts are treating practitioners for both plaintiffs, thereby implying that they will testify regarding both plaintiffs, fails to account for the deficient use of the singular "Plaintiff" in the initial disclosure.

For the same reasons, defendant's <u>Daubert</u> challenges are valid. "[T]he objective of <u>Daubert</u>'s gatekeeping requirement [—the factors that may bear on a judge's determination of the reliability of an expert's testimony—] is to 'make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" <u>Cooper</u> 259 F.3d at 200 (<u>citing</u> <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 152 (1999)). The Supreme Court has emphasized that "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." <u>Id.</u> (<u>citing</u> <u>Kumho Tire</u>, 526 U.S. at 152). In

this instance, the court cannot make a reliability determination because the plaintiffs failed to include any facts or opinions for the court to consider. The plaintiffs' assertion that they already disclosed medical records of the proposed experts improperly suggests that the defendant bears the burden of identifying the facts and opinions to which the plaintiffs' expert witnesses may testify.

Rather than grant the motion to strike at this juncture, the court grants the motion to the extent that appropriate disclosures are sought and gives the plaintiffs an additional twenty days from the entry of this order in which to do so, in default of which the motion to strike may be renewed by the defendant.

In light of the foregoing, the court ORDERS that the defendant's motion, as moulded be, and hereby is, GRANTED, and otherwise DENIED without prejudice.

Recognizing that today is the last day scheduled for discovery, request for a revision of the scheduling order may be made once the plaintiffs have complied herewith.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: July 8, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

7