UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER ADKINS and
EVA JENE BLACKBURN,
Administratrix
of the Estate of
James Adkins, Deceased,[1]

    Plaintiffs,

v.                                                    Civil Action No. 2:23-cv-00745

ZACHERY RATLIFF,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Remand, filed with a supporting memorandum on December 1, 2023, ECF 5 and 6, to which Defendant responded in opposition on December 11, 2023, ECF 7.

### I.  Background

Husband and wife Amber and James Adkins (collectively, "plaintiffs") allege that, on or about April 15, 2023, they were injured as a result of an automobile accident wherein Amber Adkins operated her vehicle in which her husband, James Adkins was a passenger.  Compl. at ¶3.  Plaintiffs contend that

---

[1] Eva Jene Blackburn, Administratrix of the Estate of James Adkins, was substituted by order on September 23, 2024, in place of James Adkins, individually, following James Adkins's death. ECF 44.

defendant, who operated his vehicle, "negligently and illegally attempted to pass [plaintiffs and] struck [the] vehicle being operated and occupied by the [p]laintiffs." Id. The plaintiffs allege that, as a result of the accident, both plaintiffs have suffered (1) permanent bodily injuries, (2) past, present, and future medical expenses, (3) past and present pain and suffering and will suffer pain in the future, (4) physical and mental anguish, (7) annoyance, aggravation, and inconvenience, and (6) diminution of their ability to earn money and enjoy life. Id. at ¶5 and 6.

According to defendant, State Farm claim specialist Ashley Clark sent an email to "gks0405@frontier.com"[2] on May 26, 2023, to which was attached the "State Farm Car Policy Booklet" for the state of Kentucky, where defendant was insured, including the insured's declarations page containing policy limits. Email from A. Clark, May 26, 2023, ECF 7-1. On the declarations page for the policy ascribed to Kim R. Ratliff, the liability coverage bodily injury limits are listed as $100,000 for each person. Id. at 19.

Plaintiffs' attorney sent demand letters to State Farm on behalf of Amber Adkins and James Adkins separately, on August

---

[2] Defendant avers is the email address for plaintiffs' attorney, Greg K. Smith.

2, 2023, and November 2, 2023, respectively. The demand letter on behalf of Amber Adkins listed $8,494 in itemized medical specials and demanded the liability policy limits. Letter from G. Smith to A. Clark, Aug. 2, 2023, ECF 6-C ("Please be advised that based upon the severe nature of my client's injuries I have been authorized to demand your liability policy limits herein."). The demand letter on behalf of James Adkins listed $11,896 in itemized medical specials, and similarly demanded the policy limits. Letter from G. Smith to A. Clark, Nov. 2, 2023, ECF No. 6-D.

State Farm responded to Amber Adkins on October 12, 2023, with a settlement offer of $10,102. Letter from A. Clark to G. Smith, Oct. 12, 2023, ECF 6-A. On November 7, 2023, State Farm sent to James Adkins a settlement offer of $22,505. Letter from T. Turner to G. Smith, Nov. 7, 2023, ECF 6-B.

The plaintiffs filed this action in the Circuit Court of Mingo County, West Virginia on October 16, 2023 – after the settlement offer was extended to Amber Adkins but prior to the demand or offer as to James Adkins. Defendant filed the notice of removal on November 17, 2023, contending that this court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. sections 1332 and 1441(b).

In the motion to remand, plaintiffs contend that this court lacks subject matter jurisdiction to hear the case inasmuch as the amount in controversy requirement is not met. Mot. Remand at 1; Pls.' Mem. in Supp. at 1-3.

Plaintiffs are residents of Mingo County, West Virginia.  Compl. at ¶1.  Defendant is a resident of Louisa, Kentucky.  Notice of Removal at 2-3.  Defendant asserted in the notice of removal that a reasonable reading of the complaint establishes, by a preponderance of the evidence, an amount of controversy in excess of $75,000.  Id. at 3-6.

## II.  Governing Standard

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).  The statute establishing diversity jurisdiction is to be strictly construed.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1284 (4th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction and, if challenged, also bears the burden of proving that federal jurisdiction was properly invoked.  Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).

If a diversity jurisdiction case is initially filed in federal court, the court will consider the amount in controversy requirement satisfied unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). On the other hand, when a defendant removes a case with unspecified damages from state court, the defendant "must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." Landmark Corp. v. Apogee Coal Co., 945 F.Supp. 932, 935 (S.D.W. Va. 1996); see also Bartnikowski v. NVR, Inc., 307 F. App'x. 730, 734 n. 7 (4th Cir. 2009) (applying a preponderance standard that "sister circuits have explicitly adopted," but reserving the right to consider "whether a more stringent standard would be appropriate").

The court considers the entire record and makes an independent evaluation of whether the amount in controversy has been satisfied. Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 584 (S.D.W. Va. 1999). The court must conduct that evaluation "on the basis of the record existing at the time the petition for removal is filed." Landmark Corp., 945 F. Supp at 936. Important factors include the type and extent of the plaintiff's injuries and the possible damages recoverable from those injuries. McCoy v. Norfolk S. Ry. Co., 858 F.Supp.2d 639,

649 (S.D.W. Va. 2012). A court can also consider as a factor a plaintiff's settlement demands prior to removal. Id.

"Once jurisdiction exists, subsequent events, such as the determination that one of the aggregated claims [is] without merit, do not destroy the jurisdictional basis to dispose, on the merits, of claims" aggregating to less than the amount-in-controversy requirement. Griffin v. Red Run Lodge, Inc., 610 F.3d 1198, 1204 (4th Cir. 1979) (citations omitted) (reciting this principle in the context of 28 U.S.C. § 1332's former $10,000.00 amount in controversy requirement).

### III. Analysis

The diversity of citizenship between plaintiffs and defendant is not disputed, and plaintiffs did not specify the amount of damages in their complaint in state court. Accordingly, it is the defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The defendant asserts that the amount in controversy requirement has been met because, "[p]rior to suit, the plaintiffs each made demands of $100,000 to resolve their claims, presumably taking the position that the combined value of their claims are $200,000, well above the threshold for

diversity jurisdiction." Notice of Removal at 5. While admitting that they each made demands of the policy limits, plaintiffs contend that they did "not know[] what the policy limits were at the time because State Farm Insurance refused to disclose the amount of the liability limits prior to litigation." Pls.' Mem. in Supp. at 2.

Plaintiffs counter that the amount in controversy has not been met because defendant's insurance offered only $10,102 to Amber Adkins and $22,500 to James Adkins. Pls.' Mem. in Supp. at 1. This argument is unconvincing. If the amount in controversy was adequately encompassed by the settlement offer, the plaintiffs would have accepted it and not commenced the present action. Certainly, then, the amount in controversy is above $32,602.

The question is whether plaintiffs' demand that State Farm pay them each the insurance limit, apparently unaware that the insurance limit was as high as $100,000 each, establishes that the amount in controversy is as high as $200,000.

Regarding plaintiffs' defense that they were unaware of the policy limits at the time they requested them, defendant claims that State Farm "forwarded to plaintiffs' counsel a copy of the declarations page and insurance policy" on May 26, 2023, and that the information was thus known by plaintiffs at the

7

time they demanded the policy limits.  Def.'s Resp. 3 (citing KY Policy Booklet – 9817A.pdf, Def.'s Resp. Ex. 1, ECF No. 7-1; Letter from G. Smith to A. Clark, Nov. 2, 2023, Def.'s Resp. Ex. 2, ECF No. 7-2; Letter from G. Smith to A. Clark, Aug. 2, 2023, Def.'s Resp. Ex. 3, ECF No. 7-3).  Plaintiffs did not reply to defendant's response wherein this was alleged.

As to the demand letter, defendant places particular emphasis on the timing of James Adkins' demand – sent two weeks after the complaint was filed – asserting that "it shows that Mr. Adkins believed that the lawsuit he filed two weeks earlier had claims valued at $100,000 for his claims which, in light of his alleged medical specials and claimed injuries including at least two broken ribs, i[s] certainly feasible." Id. at 3–4.  The defendant concludes that plaintiffs, "when they made their special initial assertions of the values of their respective claims of $100,000 each, having already been apprised of the policy limits . . . maintained their damages were far in excess of the defendant's liability limits," and asks that the court "find that the plaintiffs' informed demand letters for $100,000 each, one before the lawsuit was filed, and one after, has the same legal status as an ad damnum clause." Id. at 4 (citing Scaralto v. Ferrell, 826 F. Supp. 2d 960 (S.D.W. Va. 2011) (Goodwin, J.)).

In support of his argument that the amount-in-controversy requirement is satisfied, defendant cites to Campbell v. Restaurants First/Neighborhood Restaurant, Inc., 303 F. Supp. 2d 797 (S.D.W. Va. 2004) (Haden, J.).  That case is comparable in many ways to the present action.  In Campbell, the plaintiff resisting removal had previously made a settlement demand of $150,000.  Campbell, 303 F. Supp. 2d at 798.  The court explained:

> One of the primary functions of a demand letter is to convey to the defending party one's estimation of the value of the case.  It is true many plaintiffs will "open high," on the assumption the negotiation process will whittle the initially requested sum to some degree.  It is also true, however, an initial demand might actually be somewhat below the case's real value when an injured plaintiff is seeking an expeditious recovery without the time and expense further litigation and a jury trial might entail.

Id. at 799.  In Campbell the plaintiff emphasized in the complaint the "painful, and permanent, nature of her injuries," and while the medical bills were just under $20,000, the court concluded that "when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."  Id.  The court determined that the amount-in-controversy requirement was met in that instance and denied remand.  Id.

Similarly, plaintiffs' complaint emphasized the severity of and anticipated future damages incurred from their injuries and made a settlement demand far in excess of the accrued medical bills and significantly above the amount-in-controversy requirement. The total cost of medical specials accrued by plaintiffs, $32,602, was the amount offered by State Farm to settle. Plaintiffs emphasized in their complaint their "permanent" injuries; that pain and suffering, medical expenses, and anguish will continue into the future; and that they have a diminished ability to enjoy life. In the demand letters, plaintiffs highlighted that they sought the policy limits "based upon the severe nature of [their] injuries." Based upon that evidence alone, it is quite likely that the amount to be sought in court would far exceed the medical expenses incurred after the initial few months following the accident. When considering that the plaintiffs demanded a combined $200,000 to settle their claims – more than two and a half times the jurisdictional threshold – the court concludes the amount-in-controversy requirement is satisfied.

### IV. Conclusion

For the reasons set forth, it is accordingly ORDERED that Plaintiffs' Motion to Remand, filed on December 1, 2023, be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 4, 2024

John T. Copenhaver, Jr.
Senior United States District Judge